# In the United States Court of Federal Claims

No. 21-1822C
(Filed: September 14, 2021)

* * * * * * * * * * * * * * * * * * * * * * * *

RICHARD D. SALTERS, II, et al.,

       *Plaintiffs*,

v.

THE UNITED STATES,

       *Defendant*.

* * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

      Plaintiff, Richard D. Salters, appearing *pro se*, filed his complaint on September 7, 2021, which states that it is a "1983 civil suit claim of punitive damages violating of [sic] Due Process." Although plaintiff seeks to represent a class of similarly situated plaintiffs, he neglected to follow RCFC 83.1(a)(3), which states that a *pro se* litigant may not represent individuals outside his or her immediate family. Plaintiff has not to date paid the mandatory filing fee nor submitted an application to proceed in *forma pauperis* pursuant to 28 U.S.C. §§ 1914, 1915. We need not require plaintiff to pay the filing fee or submit an application, however, because it is clear on the face of the complaint that we lack jurisdiction.

      The court must dismiss a complaint when it finds that it lacks jurisdiction. Rule 12(h)(3). The court may consider jurisdictional issues at any time sua sponte. *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1342 (Fed. Cir. 2001). A plaintiff bears the burden of establishing the court's jurisdiction over its claim. *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936).

      Plaintiff fails to meet his burden to establish jurisdiction. Plaintiff's complaint alleges a 42 U.S.C. § 1983 action and a violation of due process.

This court "does not have jurisdiction over civil rights claims, whether brought under 42 U.S.C. § 1983 or any of the constitutional amendments," and thus we cannot exercise jurisdiction over these claims. *Young v. United States*, 2021 U.S. Claims LEXIS 333, *11 (citing *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (The "complaint included counts alleging violation of [plaintiff's] rights under the Due Process Clauses of the Fifth and Fourteenth Amendments . . . None of these is a sufficient basis for jurisdiction . . . ."); *Schweitzer v. United States*, 82 Fed. Cl. 592, 595-96 (2008) (The Court of Federal Claims "does not have jurisdiction over the plaintiffs' civil rights claims brought under 42 U.S.C. §§ 1983, 1985 or 1986 (2000), because it is well-settled that jurisdiction over such claims lies exclusively in the district courts.").

Because plaintiff has brought an action that is clearly outside of our jurisdiction, the case must be dismissed. Accordingly, the Clerk of Court is directed to dismiss the complaint for lack of jurisdiction and enter judgment accordingly. No costs.

                                                                                 s/Eric G. Bruggink
                                                                                 ERIC G. BRUGGINK
                                                                                 Senior Judge